# MARK L. CORTEGIANO

**ATTORNEY AT LAW**
65-12 69th Place
Middle Village, NY 11379

Telephone: (718) 894-9500                                     Facsimile: (718) 326-3781

March 13, 2017

The Honoroable Richard Berman
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re:  Pignatelli v. Shaykhoun et al.**
        **Civil Action No.: 1:16-CV-09930-RMB**

Dear Judge Berman:

I write in response to the letter by defendant Wally Shaykhoun dated March 1, 2017, and filed on ECF on March 7, 2017. Before I address the substance of the letter in question, I note that a conference already is scheduled in this case on March 22, 2017 and request that any proposed motion be addressed at that time, rather than at a separate conference.

With regard to the proposed motion, plaintiff, Mr. Pignatelli, is a domiciliary of California. Although Mr. Pignatelli and his entities may own property or businesses in other jurisdictions, including New York, the determinative factor in questions of diversity jurisdiction is domicile.

28 USC §1332 lays the basis for jurisdiction where the amount in dispute is greater than $75,000 and the dispute is between citizens of a State and citizens or subjects of a foreign state. As the Court is well aware, the issue of citizenship is a question of domicile. *See Chapelle v. Beacon Communications Corp.*, 863 F.Supp. 179 (S.D.N.Y. 1994); *Kubin v. Miller*, 801 F.Supp. 1101 (S.D.N.Y. 1992). In *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30 (1989), the

Hon. Richard Berman -2- 03/13/2017

Supreme Court stated, "[O]ne can reside in one place but be domiciled in another." The Court went on to state that "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."

In essence, while Mr. Shaykhoun is correct that Mr. Pignatelli owns a residence in New York, Mr. Pignatelli's domicile is not established by this fact alone. Indeed, this Court has continually upheld the idea that the actual issue of citizenship is where the person is domiciled, including an intent to remain. *See Hidalge v. City of New York*, 2015 WL1729811 (S.D.N.Y. 2015); *see also Forte v. BNP Paribas*, 2015 WL 3604317 (S.D.N.Y. 2015); *see also NYC St. Tree Consortium, Inc. v. Eber-Schmid*, 2009 WL 398726 (S.D.N.Y. 2009).

Accordingly, Mr. Shaykhoun's letter raises no substantive issue that could form the basis for a motion to dismiss, and his request to file same should be denied.

Very truly yours,

Mark L. Cortegiano

CC: Mr. Wally Shaykhoun
825 West End Ave.
New York, NY 10025
*Defendant Pro Se*